# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ROBERT C. LAGERSTROM,**  )<br>)<br>**Plaintiff,**  )<br>)<br>v.  )<br>)<br>**NORMAN Y. MINETA,**  )<br>)<br>**Defendant.**  )<br>_____) | CIVIL ACTION<br><br>No. 04-2517-KHV |

## MEMORANDUM AND ORDER

Robert C. Lagerstrom filed suit against Norman Y. Mineta, Secretary of the United States Department of Transportation, alleging age discrimination in the hiring of air traffic controllers. This matter is before the Court on Defendant's Motion To Dismiss Certain Claims (Doc. #17) filed May 25, 2005 and Plaintiff's Motion For Leave To File A Surreply (Doc. #18) filed June 8, 2005. For reasons stated below, the Court sustains defendant's motion to dismiss in part.[1]

## Factual Background

Plaintiff's complaint alleges the following facts:

Plaintiff is 62 years of age. In 1993, plaintiff applied for a position as an air traffic controller with the United States Department of Transportation/ Federal Aviation Administration ("FAA"). On August 19, 2003,

---

[1] Plaintiff seeks leave to file a surreply so that he can further explain how the continuing violation doctrine applies to his case. Because plaintiff appears *pro se* and his surreply does not introduce new arguments, the Court sustains his motion for leave to file a surreply.

Plaintiff does not oppose defendant's motion to dismiss his claim for liquidated damages. The Court therefore sustains defendant's motion on that claim.

plaintiff learned that earlier in 2003, the FAA had hired air traffic controllers for the Kansas City Air Route Traffic Control Center ("ARTCC") in Olathe, Kansas. On September 26, 2003, plaintiff initiated an administrative complaint with the FAA, alleging that it had discriminated against him based on age when it selected other applicants in 2003. On July 29, 2004, the EEOC issued a right to sue letter.

On October 19, 2004, plaintiff filed suit against defendant, alleging age discrimination in the hiring of air traffic controllers for the Kansas City ARTCC in 2003. Defendant's motion seeks to dismiss those claims which stem from FAA hiring decisions that do not fall within 45 days of the date when plaintiff contacted the EEOC, i.e. from August 12 through September 26, 2003.

## Standards For Motions To Dismiss Under Rule 12(b)(6)

A Rule 12(b)(6) motion should not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The Court accepts as true all well-pleaded factual allegations in the complaint and draws all reasonable inferences from those facts in favor of plaintiff. See Shaw v. Valdez, 819 F.2d 965, 968 (10th Cir. 1987). In reviewing the sufficiency of plaintiff's complaint, the issue is not whether plaintiff will prevail, but whether plaintiff is entitled to offer evidence to support his claims. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Although plaintiff need not precisely state each element of his claims, he must plead minimal factual allegations on those material elements that must be proved. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

## Analysis

As an applicant for a federal job, plaintiff had to bring a complaint of age discrimination to the attention

of an EEO counselor at the FAA within 45 days of the conduct giving rise to the complaint.[2]  29 C.F.R. § 1614.105(a)(1).  A federal applicant's total failure to file an administrative charge is a jurisdictional bar to suit in federal court.  29 U.S.C. § 626(d); see Sizova v. Nat'l Inst. of Stds. & Tech., 282 F.3d 1320, 1325 (10th Cir. 2002) (Title VII); Jones v. Runyon, 91 F.3d 1398, 1399 (10th Cir. 1996) (Title VII); see also Foster v. Ruhrpumpen, Inc., 365 F.3d 1191, 1195 n.1 (10th Cir. 2004) (Title VII cases on administrative exhaustion apply to ADEA actions).  On the other hand, a federal applicant's failure to file a timely administrative charge under 29 C.F.R. § 1614.105(a)(1) is not a jurisdictional bar to suit.  See Walker v. Saint Anthony's Med. Ctr., 881 F.2d 554, 556-57 (8th Cir. 1989) (ADEA); see also Sizova, 282 F.3d at 1324-26 (Title VII).  Instead, the 45-day time limit is a condition precedent to filing suit which functions like a statute of limitations and is subject to waiver, estoppel and equitable tolling.  See Walker, 881 F.2d at 556-57; see also Mosley v. Pena, 100 F.3d 1515, 1518 (10th Cir. 1996) (Title VII).  In particular, the agency or the EEOC shall extend the 45-day time limit when an individual shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have known that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or other reasons considered sufficient by the agency or the EEOC.  29 C.F.R. § 1614.105(a)(2); see 29 C.F.R. § 1614.604(c) (45-day time limit subject to waiver, estoppel and equitable tolling).

Defendant argues that except for FAA hiring decisions between August 12 and September 26, 2003,

---

[2]   Alternatively, plaintiff could have brought suit directly in federal court so long as he gave the EEOC notice of his intent to sue within 180 days of the alleged discriminatory act and then waited 30 days before filing the action.  Jones v. Runyon, 32 F.3d 1454, 1455 (10th Cir. 1994).  Plaintiff did not choose this alternative action.

plaintiff has not exhausted administrative remedies. In his opposition brief, plaintiff states that he challenges only those hiring decisions which he first discovered on August 19, 2003 and all subsequent hiring decisions at the Kansas City ARTCC in Olathe, Kansas. See Plaintiff's Response To Defendant's Motion To Dismiss Certain Claims (Doc. #16) filed May 12, 2005 at 1. In his complaint, plaintiff alleges that on August 19, 2003, he learned that defendant made certain discriminatory selections in 2003 at the Kansas City ARTCC in Olathe, Kansas. See Civil Complaint (Doc. #1) filed October 19, 2004 ¶ 12. Plaintiff's complaint attempts to challenge all FAA hiring decisions since January 1, 2003 at that facility.

## Analysis

### I.   FAA Hiring Decisions Between January 1 And August 11, 2003

As to hiring decisions between January 1 and August 11, 2003, defendant argues that plaintiff has not exhausted administrative remedies. Liberally construed, plaintiff's complaint alleges that the 45-day deadline to contact an EEO counselor should be equitably tolled because he did not learn of the 2003 hiring decisions until August 11, 2003. For pleading purposes, federal rules do not require plaintiff to plead with particularity facts which demonstrate compliance with conditions precedent. Instead, "it is sufficient to aver generally that all conditions precedent have been performed or have occurred." Fed. R. Civ. P. 9(c).

Plaintiff alleges that on August 19, 2003, he learned of the FAA's hiring decisions in 2003 and that he initiated a timely administrative complaint based on those decisions. This general allegation satisfies the pleading requirement set forth in Rule 9(c), and it is sufficient to withstand a motion to dismiss. See Schmitt v. Beverly Health & Rehab. Serv., Inc., 962 F. Supp. 1379, 1383 (D. Kan. 1997) (general allegation that plaintiff has satisfied conditions precedent to filing Title VII claim is sufficient on motion to dismiss); Jackson v. Seaboard Coast Line R. Co., 678 F.2d 992, 1010 (11th Cir. 1982) (plaintiff must only allege generally that all conditions

4

precedent have been fulfilled). Defendant disputes the factual validity of plaintiff's general averment that his complaint is timely by relying on matters outside the pleadings. The Court, however, may not consider such matters on a motion to dismiss. See Jacobsen v. Deseret Book Co., 287 F.3d 936, 941 (10th Cir.), cert. denied, 537 U.S. 1066 (2002).[3]

## II.     FAA Hiring Decisions After September 26, 2003

Plaintiff has not filed an administrative complaint as to FAA hiring decisions after September 26, 2003. As to those decisions, the Court lacks subject matter jurisdiction over plaintiff's claims. 29 U.S.C. § 626(d) (no ADEA action may be commenced until 60 days after charge has been filed with EEOC); see Sizova, 282 F.3d at 1325 (Title VII); Jones, 91 F.3d at 1399 (Title VII); see also Foster, 365 F.3d at 1195 n.1 (Title VII cases on administrative exhaustion also apply to ADEA actions). Plaintiff apparently argues that under the continuing violation doctrine, he may challenge FAA hiring decisions after the 45-day period identified by defendants. Plaintiff's reliance on the continuing violation doctrine is misplaced. In National Railroad Passenger Corp. v. Morgan, 536 U.S. 101 (2002), the Supreme Court abrogated the continuing violation doctrine as previously applied to claims of discriminatory or retaliatory actions by employers. Martinez v. Potter, 347 F.3d 1208, 1210. The continuing violation doctrine has been replaced by the requirement that "each discrete

---

[3]     The Court declines to consider defendant's motion to dismiss as a motion for summary judgment because plaintiff did not have notice and the parties have not fully developed the factual issues surrounding the equitable tolling issue. Federal courts have typically extended equitable relief only sparingly. Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990). In general, plaintiff's untimely contact with an EEO counselor may only be equitably tolled if defendant actively deceived him or prevented him, in some extraordinary way, from asserting his rights. Montoya v. Chao, 296 F.3d 952, 957-58 (10th Cir. 2002) (discussing equitable tolling for Title VII claims); Hulsey v. Kmart, Inc., 43 F.3d 555, 557 (10th Cir. 1994) (discussing equitable tolling for ADEA claims). Plaintiff may have a difficult burden to show that equitable tolling applies in this case. On a motion to dismiss, however, the Court must assume the truth of the allegations in plaintiff's complaint.

incident of such treatment constitutes its own 'unlawful employment practice' for which administrative remedies must be exhausted." Id. (quoting Morgan, 536 U.S. at 114). Accordingly, plaintiff must file a separate administrative complaint for subsequent discrete incidents of discrimination such as hiring decisions. Because plaintiff has not filed an administrative complaint for FAA hiring decisions after September 26, 2003, the Court must dismiss any claim based on such decisions.[4]

**IT IS THEREFORE ORDERED** that Defendant's Motion To Dismiss Certain Claims (Doc. #7) filed May 5, 2005 be and hereby is **SUSTAINED in part**. Defendant's motion is sustained as to plaintiff's claims based on FAA hiring decisions after September 26, 2003 and plaintiff's claim for liquidated damages. Defendant's motion is overruled as to plaintiff's claims based on FAA hiring decisions between January 1 and September 26, 2003.

**IT IS FURTHER ORDERED** that Plaintiff's Motion For Leave To File A Surreply (Doc. #18) filed June 8, 2005 be and hereby is **SUSTAINED**.

Dated this 29th day of July, 2005 at Kansas City, Kansas.

                                                        s/ Kathryn H. Vratil
                                                        Kathryn H. Vratil
                                                        United States District Judge

---

[4] In his surreply, plaintiff seeks leave to amend his complaint to include allegations as to FAA hiring decisions after August 19, 2003. As to claims based on FAA hiring decisions between August 19 and September 26, 2003, plaintiff's request is moot. As to FAA hiring decisions after September 26, 2003, plaintiff has not shown that he filed an administrative complaint. Accordingly, amendment of the complaint to add further factual detail on such claims would be futile.